UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

NATIONAL AUTO LENDERS, INC.,
a Florida Corporation

        Plaintiff,

v.

SYSLOCATE, INC., a Delaware Corporation, DRIVEOK, INC., a California Corporation, and PROTECT & CONNECT, INC., a Tennessee Corporation, and as successor in interest to SYSLOCATE, INC., and DRIVEOK, INC.

        Defendants.

_____/

Civil Action No.: 09-21765-CIV-COOKE/BANDSTRA

### DEFENDANTS, SYSLOCATE, INC., DRIVEOK, INC. AND PROCON, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANTS' REPLY

COME NOW, the Defendants, SYSLOCATE, INC., ("SysLOCATE"), DRIVEOK, INC., ("DriveOK"), and PROCON, INC., ("PROCON") and as successor in interest to SysLOCATE, INC., and DriveOK, INC. (hereinafter referred to as "Defendants"), by and through the Undersigned counsel, and hereby file their Response to Plaintiff's Motion for Leave to File Surreply to Defendants' Reply, and state as follows:

1. On September 14, 2009, Defendants filed a Motion to Dismiss and/or Transfer Venue and/or Stay Proceedings to Compel Mediation and Arbitration, (hereinafter, "Defendants' Motion.") [D.E. 24].

2. Defendants' Motion specifically addressed Subscription Service and Master Marketing agreements signed by Plaintiff, and their application to the case at hand. [Id.]

3. Plaintiff responded to Defendants' Motion with a twenty page Response, accompanied by two near twenty-page affidavits, opposing Defendants' Motion. [D.E. 24; D.E. 35; D.E. 36].

4. Defendants then filed a Reply to Plaintiff's Response, as entitled under Rule 7.1(C)(2) of the Southern District Court Local Rules. [D.E. 43].

5. Plaintiff now, unjustifiably, seeks leave to file a Surreply. [D.E. 44]. It claims that under applicable law "...it is proper to permit a surreply where a party introduces new arguments in a reply memorandum (*citations omitted*.)" [Id. at p. 3].

6. However, as evidenced by Plaintiff's Response, it had more than sufficient opportunity to make its argument and oppose Defendants' Motion.

7. Further, there was no new information presented in Defendants' Reply, as Plaintiff argues. [D.E. 44]. Defendants simply addressed arguments presented in Plaintiff's Response and provided case law to support Defendants' counter-arguments. [Id.]

8. Thus, Plaintiff's proposed Surreply clearly seeks to rehash arguments made in its Response in opposition to Defendants' Motion.

9. Specifically, the first argument addressed by Plaintiff in its proposed Surreply states that Plaintiff did not place orders or purchase any Procon units, contrary to statements made in Defendants' Reply. [D.E. 44 p. 2]. Yet, in Defendants' Motion, it originally argued that the Master Marketing Agreement had to be accepted prior to purchasing Defendants' products. [D.E. 24 p. 2]. Defendants also argued that sufficient consideration was exhibited by the parties as Plaintiff accepted

the Master Marketing Agreement in order to purchase products from Defendants. [Id. at 11]. Thus, any disagreement with this point should have been addressed by Plaintiff in its Response.

10. Further, in its proposed Surreply, Plaintiff argues that it did not otherwise ratify the agreements in question by continuing to purchase Procon units. However, Plaintiff clearly sated in its Response that it continues to purchase Procon units, to this day. [D.E. 34 p. 3]. Plaintiff supported this contention with an affidavit signed and verified by Osvaldo Ramos, Plaintiff's President and CEO. [D.E. 35 ¶ 34].

11. The second argument discussed in Plaintiff's proposed Surreply addresses Plaintiff's "choice" to continue conducting business with Defendants. [D.E. 44 p. 3]. This is, in no way, a new argument made by Defendants, or one not previously addressed by Plaintiff. Defendants' Motion discussed the parties letters exchange and negotiations regarding acceptance of the contracts in question. [D.E. 24 p. 7]. Further, Plaintiff countered Defendants' contentions numerous times in its Response. [D.E. 34]. Plaintiff even dedicated an entire heading to attempt to show it had "no meaningful choice but to click to accept" the arguments in question. [Id. at p. 16].

12. The last argument in Plaintiff's proposed Surreply addresses Plaintiff's ability to negotiate the agreements in question. [D.E. 44 p. 3]. Yet, this was Defendants' central argument in its Motion. [D.E. 24]. Specifically, Defendants argued that there were numerous correspondence exchanged by the parties regarding applicable terms of the contracts, and this exchange culminated in equal bargaining power and a meeting of the minds. [Id. at p. 11]. Consequently, as already stated, this argument was countered by Plaintiff in its Response.

13. In sum, Plaintiff has had ample opportunity to counter Defendants' arguments, and has done so in its lengthy Response and accompanying affidavits. It cannot now show just cause

why a Surreply is necessary. Its proposed Surreply redundantly seeks to restate its earlier arguments without reason, as all of its counter-arguments were originally introduced in its Reply to Defendants' Motion. Therefore, Plaintiff should not be allowed leave to restate its case.

14.     Nonetheless, if the Court is inclined to allow Plaintiff to file its proposed Surreply, at the very least, Defendants request the opportunity to respond to said Surreply.

In light of the foregoing, Defendants request that Plaintiff's Motion for Leave to File Surreply be denied, or in the alternative, that Defendants be allowed the opportunity to file a response to Plaintiff's surreply.

Dated: October 14, 2009

KUBICKI DRAPER, P.A.
Attorneys for Defendants
City National Bank Building
25 West Flagler Street, Penthouse
Miami, Florida 33130
Direct Line: (305) 982-6632

By:    /s/ Steve W. Cornman
STEVE W. CORNMAN, ESQ.
sc@kubickidraper.com
Florida Bar No.: 0755281

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 14, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached service list in the manner specified, either via transmissions of Notices of Electronic Filing generated by CM/ECF or by U.S. mail for those counsel who are not authorized to receive electronic Notices of Electronic Filing.

/s/ Steve W. Cornman

## SERVICE LIST

Elizabeth M. Bohn, Esq.
Jorden Burt, LLP
777 Brickell Avenue, Suite 500
Miami, FL 33131
*Counsel for the Plaintiff*