IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-21765-CIV-COOKE/BANDSTRA

National Auto Lenders, Inc.
a Florida corporation,

    Plaintiff,

vs.

Syslocate, Inc., a Delaware corporation,
DriveOK, Inc., a California corporation,
and Protect & Connect, Inc., a Tennessee
corporation, individually, and as successor
in interest to Syslocate, Inc., and DriveOK, Inc.

    Defendants.

_____/

**PLAINTIFF'S REPLY ON MOTION FOR LEAVE TO FILE SURREPLY TO
DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE OPPOSING DEFENDANTS'
MOTION TO DISMISS AND/OR TRANSFER VENUE AND STAY**

   Plaintiff National Auto Lenders, Inc. ("Plaintiff" or "National") replies to Defendant's

Response ["Defendant's Response," DE 45] opposing National's Motion for leave to file

Surreply ["the Motion," DE 44] to the Reply Memorandum [the "Reply," DE 43] of Defendants

Syslocate, Inc., DriveOK, Inc. and Procon, Inc. (collectively, "Defendants") to Plaintiff's

Response [DE 34] Opposing Defendants Motion to Dismiss and/or Transfer Venue and Stay

Proceedings ["The Motion to Dismiss," DE 24 and 27], as follows:

   1.  As further explained below, and contrary to the assertions in Defendant's

Response, Plaintiff's Surreply responds to new arguments asserted by Defendants and should

therefore be permitted.

   2.  For example, at paragraph 9 of Defendants' Response, Defendants state that the

Motion originally argued that the May 2009 Agreements (including the "Master Marketing

Agreement") "had to be accepted prior to purchase Defendant's products."[1]    However,

Defendants neither argued in the Motion to Dismiss, nor provided evidence that National *in fact*

*purchased* Defendants' products after allegedly clicking-through the May 2009 Agreements.

3.    In their Reply, Defendants argued, for the first time, that Plaintiff "ratified" the

May 2009 Agreements by continuing to purchase products thereafter.   Thus, the ratification

argument is a new argument to which Plaintiff should be permitted to respond.

4.    The new ratification argument is unsupported by any evidence, and the statement

that Plaintiff continued to purchase products from Procon after the May 2009 Agreements were

posted is inaccurate, as evidenced by the second Affidavit of Mr. Ramos, CEO of National

("Second Ramos Affidavit"), Exhibit "A" to the Motion.  As stated in the Motion and attested to

in the Second Ramos Affidavit, National did not purchase any units from Procon after April 20,

2009.

5.    Rather than submitting evidence such as invoices or copies of orders to support

the Defendants' argument that Plaintiff ratified the May 2009 Agreement by purchasing products

from Procon after were posted, Defendants rely solely on the following statement by counsel on

page 3 in Plaintiff's Response opposing the Motion to Dismiss ["Plaintiff's Response, DE 34]:

> "Prior to the DOS-Procon merger, and still to this day, *NAL and its dealers* have
> also purchased GPS tracking units from Procon."

As reflected in paragraph 10 of Defendants' Response, the above sentence cites ¶34 of

the Affidavit of Mr. Ramos, CEO of National ("Ramos Affidavit," DE 35) filed in support of

Plaintiff's Response.

---

[1] The actual language in the Motion is "Master Marketing click-to-accept…asked parties to electronically agree to said agreements *prior to placing orders*."

6.      Defendants must not have read paragraph 34 of the Ramos Affidavit itself, quoted verbatim below, because it does not state that National purchased Procon units *after* the May 2009 Agreement were posted:

> "34.    Defendant Procon also manufactures and distributes a GPS tracking unit, which is substantially different from the DOS units.  Beginning in 2008, dealers who sell Contracts to NAL began purchasing Procon tracking units.  NAL also purchased some Procon units directly."

7.      Thus, the statement in Plaintiff's Response should have read "National *dealers* have continued to purchase Procon units to this day," as opposed to "National *and* its dealers have continued to purchase units to this day."  The fact that National did not in fact purchase any units after April 20, 2009 was brought to the attention of National's counsel after Mr. Ramos reviewed Defendants' Reply.

8.      Since Defendants raised the ratification argument based on the inaccurate factual assertion that National purchased units from Procon after the May 2009 Agreements were posted, National must be able to respond to these incorrect facts, and has done so with evidence to meet them in the form of the Second Ramos Affidavit attesting that National did not purchase any units from Procon after April 20, 2009.

9.      In the interests of truth and accuracy of the record, Defendants should not be permitted to exploit counsel's misunderstanding of fact reflected in the sentence contained in Plaintiff's Response as set forth above (which, fortunately, is not evidence), at the expense of facts which are supported by actual *evidence* filed in support of Plaintiff' Response and the Surreply.

10.      Indeed, if National had in fact purchased units directly from Procon after the May 2009 Agreements were posted as argued in Defendants Reply, then Defendants should have

evidence of such purchases.  Yet no evidence whatsoever has been offered by Defendants to support their assertion that National purchased products from Procon after the May 2009 Agreements were posted.  And the evidence offered by Plaintiff, in the form of the Second Ramos Affidavit, demonstrates otherwise.

11.     Moreover, there is an obvious distinction between National and National dealers, i.e., the retail car dealers who sell contracts to National.  Dealers who have purchased tracking units directly from Procon (referred to in ¶34 of the Ramos Affidavit) are independent entities (not owned or controlled by National), and have purchased GPS units on their own separate accounts.  To the extent these dealers have made direct purchases from Procon on their own accounts after the May 2009 Agreements were posted, which National does not dispute, the dealers' purchases would not constitute "ratification" by National of the agreements at issue.

12.     It is true that Defendants recited certain communications which occurred between counsel for National and counsel for Procon in April and early May, 2009 in the Motion to Dismiss, but they did not refer to or characterize those communications as "negotiations" for the May 2009 Agreements.  National submits that the argument in the Reply that the May 2009 Agreements were agreed to "after a series of negotiations" between counsel is new, and inaccurately and unfairly characterized those communications, requiring a detailed response.

13.     Had Defendants simply agreed to Plaintiff's Motion to file a Surreply or stated in response that they would agree subject to being permitted to respond to same, Plaintiff would have no opposition to Defendants' request to file a response to the Surreply.  However, Defendants refused to agree to Plaintiff's Motion and have in fact responded to the Surreply in their five-page Response opposing the Motion.  Plaintiff therefore submits that Defendants' further response to the Surreply should be limited to submission of evidence to meet the

evidence offered in its support, i.e., evidence countering National's evidence reflecting that it did not purchase any units from Procon after the May 2009 Agreements were posted.

Wherefore, Plaintiff respectfully requests the Court to grant its Motion for leave to file the Surreply, and that any further response by Defendants to same be limited to evidence meeting Plaintiff's evidence submitted in support of the Motion and Surreply.

Respectfully submitted, this 20th day of October, 2009.

> */s/ Elizabeth M. Bohn*
> Elizabeth M. Bohn
> **Florida Bar No. 288047**
> JORDEN BURT LLP
> 777 Brickell Avenue, Suite 500
> Miami, Florida 33131
> Telephone: 305-347-6814; Fax: 305-372-9928
> E-mail:  eb@jordenusa.com
> Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing Plaintiff's Reply on Motion to file Surreply to Defendants' Reply to Plaintiff's Response to Defendants' Motion to Dismiss and/or Transfer Venue and Stay Proceedings to Compel Mediation and Arbitration was furnished on October 20, 2009 by the Court's CM/ECF electronic mail system to those parties registered to receive electronic notices of filings in this case.

> */s/  Elizabeth M. Bohn*
> Elizabeth M. Bohn, Esq.

*181502-v5*